IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**COMM 2013 CCRE12
CROSSING MALL ROAD, LLC,**

    **Appellant,**

**v.**                                               **CIVIL ACTION NO. 1:17CV67**
                                                                        **(Judge Keeley)**

**TARA RETAIL GROUP, LLC,**

    **Appellee.**

**MEMORANDUM OPINION AND ORDER GRANTING
MOTION TO DISMISS FOR LACK OF JURISDICTION
[DKT. NO. 3] AND DISMISSING BANKRUPTCY APPEAL**

COMM 2013 CCRE12 Crossings Mall Road, LLC ("COMM 2013"), appeals an order entered by the Honorable Patrick M. Flatley, United States Bankruptcy Judge ("Bankruptcy Court"), denying its motion to dismiss the voluntary petition for bankruptcy pursuant to Chapter 11 of the Bankruptcy Code filed by debtor Tara Retail Group, LLC ("Tara"). Prior to the Court's receipt of the designated record, Tara moved to dismiss the appeal for lack of jurisdiction (Dkt. No. 3). The question presented is whether the Bankruptcy Court's denial of a motion to dismiss pursuant to 11 U.S.C. § 1112(b) is a final and appealable order under 11 U.S.C. § 158(a)(1). For the reasons that follow, the Court concludes that such an order is interlocutory, and denies leave for COMM 2013 to bring the appeal. It thus **GRANTS** Tara's motion to dismiss (Dkt. No. 3) and **DISMISSES** this bankruptcy appeal.

**COMM 2013 V. TARA RETAIL**                                                   **1:17CV67**

**MEMORANDUM OPINION AND ORDER GRANTING
MOTION TO DISMISS FOR LACK OF JURISDICTION
[DKT. NO. 3] AND DISMISSING BANKRUPTCY APPEAL**

### I. BACKGROUND[1]

Tara manages and operates Elkview Crossing Mall ("Elkview Crossing"), a shopping center in Elkview, West Virginia. COMM 2013 is Tara's principal creditor and is secured by a lien on Elkview Crossing, as well as an assignment of its rents. In June 2016, flooding destroyed the bridge and culvert that provided the only public access to Elkview Crossing, which has remained inaccessible and inoperable since that time. Although Tara had remained in compliance with its monetary obligations to COMM 2013 prior to the flood, it has been unable to generate rents and make payments since Elkview Crossing became inaccessible.

On January 24, 2017, Tara filed a voluntary petition for bankruptcy pursuant to Chapter 11 of the Bankruptcy Code ("Petition"). COMM 2013 moved to dismiss the case pursuant to 11 U.S.C. § 1112(b), arguing that Tara had failed to secure the appropriate corporate authority as required by its governing documents. The Bankruptcy Court denied COMM 2013's motion on April 13, 2017, finding instead that Tara's independent director had

---

[1] Because the underlying facts are irrelevant to the question presented by Tara's motion to dismiss, the Court takes its brief recitation of the facts mainly from the Bankruptcy Court's Memorandum Opinion (Dkt. No. 13-10).

**COMM 2013 V. TARA RETAIL**	1:17CV67

**MEMORANDUM OPINION AND ORDER GRANTING
MOTION TO DISMISS FOR LACK OF JURISDICTION
[DKT. NO. 3] AND DISMISSING BANKRUPTCY APPEAL**

ratified the Petition by silence. COMM 2013 noticed its appeal from the Bankruptcy Court's order based on this question of law. Tara seeks dismissal of the appeal for lack of jurisdiction, arguing that the Bankruptcy Court's order denying COMM 2013's motion to dismiss pursuant to § 1112(b) is not a final and appealable order.

## II. DISCUSSION

**A.	Motions to Dismiss Bankruptcy Cases**

At the outset, it is important to distinguish two types of motions to dismiss bankruptcy cases. Under 11 U.S.C. § 1112(b), which COMM 2013 utilized in this case, interested parties may request dismissal of a Chapter 11 case "for cause." "[P]arties may bring an action to dismiss for 'cause' under § 1112(b) throughout the bankruptcy proceedings, and the circumstances that constitute 'cause' may arise at anytime." McDow v. Dudley, 662 F.3d 284, 289 (4th Cir. 2011). The statute provides an exemplary list of circumstances constituting "cause," including gross mismanagement of the estate, failure to maintain appropriate insurance, failure to comply with a court order, failure to attend the meeting of creditors without good cause, and material default with respect to a confirmed plan of reorganization. 11 U.S.C. § 1112(b)(4). Moreover, precedent establishes that, if a corporate entity files

COMM 2013 V. TARA RETAIL                                          1:17CV67

**MEMORANDUM OPINION AND ORDER GRANTING
MOTION TO DISMISS FOR LACK OF JURISDICTION
[DKT. NO. 3] AND DISMISSING BANKRUPTCY APPEAL**

for bankruptcy without the proper authority under local law, the bankruptcy court lacks jurisdiction and must dismiss the petition. Hager v. Gibson, 108 F.3d 35, 39 (4th Cir. 1997).

On the other hand, under 11 U.S.C. § 707(b)(1), a party may move for dismissal of a Chapter 7 case if "the granting of relief would be an abuse of the provisions" of Chapter 7. A case is considered presumptively abusive if the debtor's disposable income rises above a statutory threshold. McDow, 662 F.3d at 288 (citing 11 U.S.C. § 707(b)(2)(A)-(B)). After the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), the United States Trustee is directed to determine whether each case is presumptively unreasonable, notify the bankruptcy court of his determination, and move for dismissal or explain why dismissal is inappropriate – all within a brief period of time after the initial meeting of creditors. Id. (citing 11 U.S.C. §§ 704, 707).

**B.   Final and Interlocutory Orders**

District courts have jurisdiction to hear appeals "from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings" under the Bankruptcy Code. 28 U.S.C. § 158(a). By contrast, district courts have jurisdiction over

**COMM 2013 V. TARA RETAIL**                                     **1:17CV67**

**MEMORANDUM OPINION AND ORDER GRANTING
MOTION TO DISMISS FOR LACK OF JURISDICTION
[DKT. NO. 3] AND DISMISSING BANKRUPTCY APPEAL**

appeals from interlocutory orders only if the appellant seeks leave of the court. Id. § 158(a)(3).

"It is commonly acknowledged that 'finality' under § 158 or its predecessors must be interpreted in light of the special circumstances of bankruptcy cases." Sumy v. Schlossberg, 777 F.2d 921, 923 (4th Cir. 1985). Although "[a] 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment," Catlin v. United States, 324 U.S. 229, 233 (1945), "[t]he concept of finality in bankruptcy cases has been traditionally applied in a more pragmatic and less technical way . . . than in other situations." In re Computer Learning Ctrs., Inc., 407 F.3d 656, 660 (4th Cir. 2005).

Therefore, an order need not dispose of an entire bankruptcy case in order to be appealable. As the Fourth Circuit recently explained,

> [t]he special or unique reason for this relaxed rule of appealability in bankruptcy is that "[b]ankruptcy cases frequently involve protracted proceedings with many parties participating. To avoid the waste of time and resources that might result from reviewing discrete portions of the action only after a plan of reorganization is approved, courts have permitted appellate review of orders that in other contexts might be considered interlocutory."
>
> Thus, because of the special nature of bankruptcy proceedings, which often involve multiple parties,

**COMM 2013 V. TARA RETAIL** 1:17CV67

**MEMORANDUM OPINION AND ORDER GRANTING
MOTION TO DISMISS FOR LACK OF JURISDICTION
[DKT. NO. 3] AND DISMISSING BANKRUPTCY APPEAL**

> claims, and procedures, the postponing of review by the district court and the court of appeals of discrete issues could result in the waste of valuable time and already scarce resources. We have concluded, therefore, that "orders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case."

McDow, 662 F.3d at 287 (internal citation omitted).

Even under this liberal standard, however, an order is final only if it "conclusively determine[s] a separable dispute over a creditor's claim or priority." In re Urban Broad. Corp., 401 F.3d 236, 246-47 (4th Cir. 2005) (quoting In re Saco Local Dev. Corp., 711 F.2d 441, 445-46 (1st Cir. 1983)); cf. Bullard v. Blue Hills Bank, 135 S.Ct. 1686, 1692 (2015) (reasoning that, in contrast to plan denial, plan confirmation is a final order because it "alters the status quo and fixes the rights and obligations of the parties"). For instance, the denial of a debtor's motion for voluntary dismissal under Chapter 7 is a "clearly interlocutory" order "because it does not resolve the litigation, decide the merits, settle liability, establish damages, or even determine the rights of any party to [the] bankruptcy case." Culver v. Molinario, 67 F.3d 294 (4th Cir. 1995) (unpublished table decision); see also First Owners' Ass'n of Forty Six Hundred v. Gordon Props., LLC, No. 1:11cv255, 2011 WL 11706511, at *1 (E.D. Va. Apr. 15, 2011).

6

**COMM 2013 V. TARA RETAIL**  1:17CV67

**MEMORANDUM OPINION AND ORDER GRANTING
MOTION TO DISMISS FOR LACK OF JURISDICTION
[DKT. NO. 3] AND DISMISSING BANKRUPTCY APPEAL**

Nonetheless, in McDow v. Dudley, the Fourth Circuit held that an order on a motion to dismiss under § 707(b) is final for the purposes of appeal. 662 F.3d at 285. There, the debtors filed a voluntary petition under Chapter 13, but subsequently moved to convert their case to one under Chapter 7. When the bankruptcy court granted the debtors' motion, the Trustee moved to dismiss the case as abusive based on his calculation of the debtors' disposable income. The bankruptcy court denied the Trustee's motion based solely on its determination that a particular statute did not apply to the debtors' case, and the district court dismissed the Trustee's subsequent appeal as interlocutory. Id. at 285-86.

Upon the Trustee's appeal of the district court's dismissal, the Fourth Circuit held that orders on motions to dismiss under 11 U.S.C. § 707(b) are, in fact, final and appealable. Surveying BAPCPA changes to Chapter 7, the court reasoned that Congress had "made the determination of whether a Chapter 7 case is abusive a mandatory threshold question" by imposing stringent requirements on the Trustee, as discussed above. Id. at 288. "These new provisions manifest a congressional policy to police all Chapter 7 cases for abuse at the outset," and "indicate that the denial of a § 707(b) motion to dismiss is different from the denial of other motions to

7

**COMM 2013 V. TARA RETAIL**                                               1:17CV67

**MEMORANDUM OPINION AND ORDER GRANTING
MOTION TO DISMISS FOR LACK OF JURISDICTION
[DKT. NO. 3] AND DISMISSING BANKRUPTCY APPEAL**

dismiss," including those under Chapter 11. Id. at 288-89. The court found particularly probative that "§ 707(b) creates a statutory gateway" that is "finally and conclusively resolve[d]" by the bankruptcy court's ruling. Id. at 289. Based on this congressional intent, the court joined a number of other circuits in concluding that, "despite precedent establishing that the denial of a motion to dismiss a Chapter 11 case under § 1112(b) is not final," denials of § 707(b) motions to dismiss are final and appealable. Id.[2]

Here, COMM 2013 appeals the Bankruptcy Court's denial of its motion to dismiss under § 1112(b), and argues summarily that McDow stands for the proposition that "[a]n order denying dismissal of a bankruptcy case is a final order" (Dkt. No. 4 at 6). This contention fails to account for the limited nature of the Fourth Circuit's holding in McDow, as well as established standards of finality in bankruptcy proceedings.

The primary concern animating the Fourth Circuit's exceptional holding in McDow is not present in this case. As discussed, the

---

[2] Further, the Fourth Circuit distinguished a contrary case based solely on its reliance on Chapter 11 precedent. McDow, 662 F.3d at 289 (citing In re Donovan, 532 F.3d 1134, 1137 (11th Cir. 2008)).

**COMM 2013 V. TARA RETAIL**                                         **1:17CV67**

**MEMORANDUM OPINION AND ORDER GRANTING
MOTION TO DISMISS FOR LACK OF JURISDICTION
[DKT. NO. 3] AND DISMISSING BANKRUPTCY APPEAL**

court's conclusion there rested primarily on its reasoning that Congress intended § 707(b) to act as a "statutory threshold" or "statutory gateway" to prevent abusive bankruptcy proceedings. McDow, 662 F.3d at 288-89. In doing so, it acknowledged the distinction between motions to dismiss under § 707(b) and those under § 1112(b). Id. Indeed, in stark contrast to § 707(b), Congress has not directed the Trustee to determine whether cause exists for the dismissal of every Chapter 11 case. See 11 U.S.C. § 1112(b). Such motions are left to the discretion of interested parties. Id. § 1112(b)(1). There simply is no congressional intent that Chapter 11 cases receive a threshold and appealable determination similar to that enunciated in McDow.

As additional support for its statute-based conclusion in McDow, the Fourth Circuit also reasoned that, because abuse is a "purely legal question," delaying appellate review may result in an unnecessary waste of the debtor's resources that could be used to pay creditors. McDow, 662 F.3d at 290. In this case, on the other hand, the Bankruptcy Court applied a case-specific test to determine whether ratification by silence had taken place (Dkt. No. 13-10). This is by no means a "purely legal question." Were this Court to extend the Fourth Circuit's ancillary reasoning regarding

9

**COMM 2013 V. TARA RETAIL**                                         **1:17CV67**

**MEMORANDUM OPINION AND ORDER GRANTING
MOTION TO DISMISS FOR LACK OF JURISDICTION
[DKT. NO. 3] AND DISMISSING BANKRUPTCY APPEAL**

§ 707(b) to every order declining to dismiss a bankruptcy case, regardless of the basis, it effectively "would allow the exception to swallow the rule." Rehab at Work, Corp. v. Cohen, 2015 WL 2376015, at *4 (D. Md. 2015) (refusing to extend McDow's narrow holding to a bankruptcy court's denial of a motion to approve a settlement). The Court declines COMM 2013's invitation to do so.

Moreover, nothing in this case has been finally determined except that, at least for the present time, Tara will be permitted to continue with its bankruptcy proceeding. The Bankruptcy Court has not conclusively determined COMM 2013's claim or priority as a creditor, see In re Urban Broad. Corp., 401 F.3d at 246-47, nor did it fix the rights or obligations of any party to the bankruptcy. See Bullard, 135 S.Ct. at 1692. No "discrete dispute" is at issue, and the Bankruptcy Court's order is thus not final and appealable under 28 U.S.C. § 158(a)(1).

The Court's conclusion is consistent with the majority of courts of appeals that have addressed the finality of similar motions to dismiss in the bankruptcy context. See, e.g., In re Jartran, Inc., 886 F.2d 859, 864 (7th Cir. 1989); In re N. Bedford Dr. Corp., 778 F.2d 1374, 1379 (9th Cir. 1985); In re Tullius, 500 F. App'x 286, 288 n.5 (5th Cir. 2012) (unpublished decision)

**COMM 2013 V. TARA RETAIL**  1:17CV67

**MEMORANDUM OPINION AND ORDER GRANTING
MOTION TO DISMISS FOR LACK OF JURISDICTION
[DKT. NO. 3] AND DISMISSING BANKRUPTCY APPEAL**

(citing In re Phillips, 844 F.2d 230, 235 (5th Cir. 1988)); see also In re Amir, 436 B.R. 1, *8 (B.A.P. 6th Cir. 2010); In re Hickman, 384 B.R. 832, 836 (B.A.P. 9th Cir. 2008). Despite the recent trend holding that orders on motions to dismiss under 11 U.S.C. § 707(b) are final, see McDow, 662 F.3d at 289 (collecting cases), the Third Circuit appears to be the only court of appeals to hold that all orders on motions to dismiss bankruptcy cases are final. Compare In re Am. Capital Equip., LLC, 296 F. App'x 270, 273 n.1 (3d Cir. 2008) (unpublished decision), with In re San Miguel Sandoval, 327 B.R. 493, 505 (B.A.P. 1st Cir. 2005) (creating a limited exception).

**C.  Leave to Appeal**

Because the Bankruptcy Court's order is interlocutory, COMM 2013 may only seek appellate review with leave of the Court. See 28 U.S.C. § 158(a)(3). When seeking leave, the appellant must accompany its notice of appeal with a motion for leave to appeal that includes the facts necessary to understand the question presented, the question itself, the relief sought, the reasons why leave to appeal should be granted, and a copy of the interlocutory order. Fed. R. Bankr. P. 8004(a), (b). If the appellant does not move for leave, as COMM 2013 has failed to do in this case, the

**MEMORANDUM OPINION AND ORDER GRANTING
MOTION TO DISMISS FOR LACK OF JURISDICTION
[DKT. NO. 3] AND DISMISSING BANKRUPTCY APPEAL**

Court may nonetheless "order the appellant to file a motion for leave, or treat the notice of appeal as a motion for leave and either grant or deny it." Fed. R. Bankr. P. 8004(d).

In deciding whether to grant leave in a particular case, "district courts regularly look by analogy to the standard announced in 28 U.S.C. § 1292(b), which governs interlocutory appeals in non-bankruptcy cases." In re Health Diagnostic Lab., Inc., No. 3:17-cv-297, 2017 WL 2129849, at *2 (E.D. Va. May 16, 2017). "Under § 1292(b), 'leave to file an interlocutory appeal should be granted only where (i) the order involves a controlling question of law, (ii) as to which there is substantial ground for difference of opinion, and (iii) immediate appeal would materially advance the termination of the litigation.'" Chesapeake Appalachia, LLC v. Suppa, No. 1:14CV159, 2015 WL 12755624 (N.D.W. Va. Oct. 15, 2015) (citing First Owners' Ass'n of Forty Six Hundred v. Gordon Props., LLC, 470 B.R. 364, 373 (E.D. Va. 2012)).

Here, even were the Court to treat COMM 2013's notice of appeal as a motion for leave to appeal, it would deny the motion. Under the second element of § 1292(b), a controlling question of law involves a "substantial ground for difference of opinion" only when the law remains unclear in the controlling jurisdiction and

**COMM 2013 V. TARA RETAIL**                                             1:17CV67

**MEMORANDUM OPINION AND ORDER GRANTING
MOTION TO DISMISS FOR LACK OF JURISDICTION
[DKT. NO. 3] AND DISMISSING BANKRUPTCY APPEAL**

other courts have issued conflicting decisions. See <u>In re Health Diagnostic Lab., Inc.</u>, 2017 WL 2129849, at *4. In this case, COMM 2013 concedes that "[a]pplicable law is clear," but simply disagrees with both the Bankruptcy Court's reasoning and holding (Dkt. No. 4 at 5). Such a disagreement is plainly insufficient to warrant interlocutory review.

### III. CONCLUSION

For the reasons discussed, the Bankruptcy Court's order denying COMM 2013's motion to dismiss is not a final order subject to appeal. Therefore, the Court **GRANTS** Tara's motion to dismiss (Dkt. No. 3) and **DISMISSES** this appeal.

It is so **ORDERED.**

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record, to enter a separate judgment order, and to remove this case from the Court's active docket.

DATED: June 30, 2017.

<pre>                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE</pre>